**FILED**
**U.S. District Court**
**District of Kansas**
03/24/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TROY ADAM SHERMAN,

      **Plaintiff,**

      **v.**                        **CASE NO. 26-3063-JWL**

SUSAN CAROLL KELLER,

      **Defendant.**

**<u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>**

Plaintiff Troy Adam Sherman is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is housed at the Center for Behavioral Medicine in Kansas City, Missouri. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff names his mother, Susan Caroll Keller, as the sole defendant. Plaintiff claims that about seven and a half years ago, he won a "Direct Express Masper card company and PayPerks.com sweepstakes." (Doc. 1, at 2–3.) He claims the "lottery ticket" was registered to him with a serial number. *Id*. at 2. He claims the Defendant, his mother, was able to manipulate the card company into giving her Plaintiff's lottery winnings in the amount of $950,000. *Id*. Plaintiff believes that the bank involved was in Parsons, Kansas, and is named Great Southern Bank or Community National Bank. *Id*. at 3. Plaintiff seeks the return of his stolen money. *Id*.

On the form Complaint, Plaintiff marks "no" under the question asking if he has brought other lawsuits dealing with the same facts. *Id*. at 5. However, in another section of the Complaint

1

he acknowledges that he has appealed his suit against the law enforcement officer that did not charge his mother for grand larceny. *Id*. at 6.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).[1] The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

---

[1] Plaintiff previously filed an action in this Court on December 17, 2025. *See Sherman v. State of Missouri*, Case No. 25-3273-JWL (D. Kan.). In dismissing that case, the Court noted that Plaintiff "currently resides in Kansas City, Missouri and it appears from his pro se complaint that he has been involuntarily civilly committed to the custody of the Missouri Department of Mental Health after being adjudicated incompetent to participate in pending Missouri state criminal charges." *Id*. at Doc. 3, at 1. A plaintiff detained for purposes of undergoing a competency evaluation in connection with criminal charges is a "prisoner" for purposes of the PLRA. *See  Gilmore v. Easter*, 2022 WL 3880714, at *7 (D. Kan. 2022) (finding plaintiff subject to competency proceedings under K.S.A. § 22-2302 remains subject to §§ 1915 and 1915A) (citing *Wolfson v. United States*, 336 F. App'x 792, 794 (10th Cir. 2009) (unpublished) (where plaintiff argued he was not subject to the PLRA because he was sentenced to civil commitment until he regains competency, the court rejected the argument finding that the PLRA still applied and that the case was distinguishable from cases where the plaintiff was civilly committed under a state's sexually violent predator act, where the inmate was held at a state hospital after being found not guilty by reason of insanity, and where alien detainees were not facing criminal charges)).

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

3

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Prior Case and Statute of Limitations

Plaintiff filed a prior case in this Court alleging similar facts.  *See Sherman v. Veil*, Case No. 26-3003-JWL (D. Kan.).  He alleged that his winnings were stolen, but in that case he alleges that the "Susan Carroll Keller" that allegedly stole his prize money is his sister.  He named a law enforcement officer as the sole defendant, arguing that the officer failed to bring grand larceny charges against Plaintiff's sister and let her "and some 30 people get away with $950,000." *Id*. at Doc. 1.[2]  Plaintiff also alleged in Case No. 26-3003 that this happened over seven years ago. *Id*.

The Court found that Case No. 26-3003 was barred by the applicable statute of limitations and dismissed the case for failure to state a claim. *Sherman v. Veil*, Case No. 26-3003-JWL, Doc. 7 (D. Kan. Feb. 9, 2026).  The same reasoning applies in Plaintiff's current case.

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of

---

[2] In Case No. 26-3003, Plaintiff alleged "grand larceny" and stated that after reporting the crime he was beaten and shot twice, was attacked by people, and a female was killed by people that attacked him.  He also suggested that he was requesting military guns, ammunition, and an I.D. so that he could protect the two towns that he allegedly owns in Kansas.  He also claimed that he did not have a police department or police officers in his towns yet, but that he would get around to hiring them soon.  Plaintiff then listed his family members, including Adolf Hitler and Helen Keller.

limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). Plaintiff should show good cause why his claims are not barred by the applicable statute of limitations.

### 2. No State Actor

Plaintiff names his mother as the sole defendant in his current case. Plaintiff has not shown that his mother was acting under color of state law as required under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff's Complaint fails to sufficiently allege that the sole defendant was acting under color of state law, this Court lacks jurisdiction over the defendant under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this

claim."). Plaintiff should show good cause why his claims should not be dismissed for failure to allege that the sole defendant was acting under color of state law.

### 3. Frivolous

The Court also found in Case No. 26-3003 the Plaintiff's claims appeared to be frivolous. The same reasoning applies to Plaintiff's claims in his current case. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

The Court found in Case No. 26-3003 that "Plaintiff claims that he won $950,000 from PayPerks.com[3] and his sister and others stole this money from Plaintiff. Plaintiff also claims that

---

[3] The PayPerks website provides that:
> PayPerks education and rewards drive real-world behavior change through easy-to-digest, interactive education paired with fun gamification and rewards. We help cardholders learn how to use their cards more effectively, while also offering valuable information on safety and security, budgeting and saving, and other

he owns two towns in Kansas and needs military equipment to personally police his towns." *See Sherman v. Veil*, Case No. 26-3003-JWL, Doc. 7 (D. Kan. Feb. 9, 2026). The Court dismissed Case No. 26-3003 on February 9, 2026, and Plaintiff filed a Notice of Appeal. The case is currently pending on appeal.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **April 24, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated March 24, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

relevant financial skills. Cardholders are rewarded through quizzes, usage rewards, and the chance to win ***small*** cash prizes in monthly drawings.
https://www.payperks.com/ (last visited Jan. 6, 2025) (emphasis added).