**FILED**
**U.S. District Court**
**District of Kansas**
04/14/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

TROY ADAM SHERMAN,

     **Plaintiff,**

     v.                    **CASE NO. 26-3063-JWL**

SUSAN CAROLL KELLER,

     **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is housed at the Center for Behavioral Medicine in Kansas City, Missouri. The Court granted Plaintiff leave to proceed in forma pauperis. On March 24, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 5).

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC. In summary, Plaintiff names his mother as the sole defendant and claims that seven and a half years ago she stole his prize/lottery winnings in the amount of $950,000.

The Court found in the MOSC that Plaintiff filed a prior case in this Court alleging similar facts. *See Sherman v. Veil*, Case No. 26-3003-JWL (D. Kan.). He alleged that his winnings were stolen, but in that case he alleges that the "Susan Carroll Keller" that allegedly stole his prize money is his sister. He named a law enforcement officer as the sole defendant, arguing that the officer failed to bring grand larceny charges against Plaintiff's sister and let her "and some 30

1

people get away with $950,000." *Id*. at Doc. 1.[1]  Plaintiff also alleged in Case No. 26-3003 that this happened over seven years ago.  *Id*.

The Court found that Case No. 26-3003 was barred by the applicable statute of limitations and dismissed the case for failure to state a claim.  *Sherman v. Veil*, Case No. 26-3003-JWL, Doc. 7 (D. Kan. Feb. 9, 2026).  The Court found in the MOSC that the same reasoning applies in Plaintiff's current case and ordered Plaintiff to show good cause why his claims are not barred by the applicable statute of limitations.

The Court also found in the MOSC that Plaintiff has not shown that his mother was acting under color of state law as required under § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court also found in Case No. 26-3003 that Plaintiff's claims appeared to be frivolous. The same reasoning applies to Plaintiff's claims in his current case.  "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'"  *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The Court found in Case No. 26-3003 that "Plaintiff claims that he won $950,000 from PayPerks.com[2] and his sister and others stole this money from Plaintiff.  Plaintiff also claims that

---

[1] In Case No. 26-3003, Plaintiff alleged "grand larceny" and stated that after reporting the crime he was beaten and shot twice, was attacked by people, and a female was killed by people that attacked him.  He also suggested that he was requesting military guns, ammunition, and an I.D. so that he could protect the two towns that he allegedly owns in Kansas.  He also claimed that he did not have a police department or police officers in his towns yet, but that he would get around to hiring them soon.  Plaintiff then listed his family members, including Adolf Hitler and Helen Keller.

[2] The PayPerks website provides that:

> PayPerks education and rewards drive real-world behavior change through easy-to-digest, interactive education paired with fun gamification and rewards. We help cardholders learn how to use their cards more effectively, while also offering valuable information on safety and security, budgeting and saving, and other

he owns two towns in Kansas and needs military equipment to personally police his towns." *See Sherman v. Veil*, Case No. 26-3003-JWL, Doc. 7 (D. Kan. Feb. 9, 2026). The Court dismissed Case No. 26-3003 on February 9, 2026, and Plaintiff filed a Notice of Appeal. The case is currently pending on appeal.

The Court ordered Plaintiff to show good cause why his Complaint in this case should not be dismissed for the reasons stated in the MOSC. Plaintiff's response (Doc. 5) does not address any of the deficiencies noted in the MOSC. In his response, Plaintiff asks the Court to settle his lawsuit and to replace the $950,000 his mother allegedly stole from him. (Doc. 5, at 1.) He states that he attempted to file charges against his mother, but the police have refused to do so. *Id*. Plaintiff states that he "can't find any reason why [his] lawsuit not to be honored." *Id*. The reasons are those set forth in the Court's MOSC. His claims are barred by the statute of limitations, he has failed to name a state actor, and his claims appear to be frivolous. Plaintiff's response fails to address the deficiencies and fails to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim and as frivolous.

**IT IS SO ORDERED**.

**Dated April 14, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

relevant financial skills. Cardholders are rewarded through quizzes, usage rewards, and the chance to win *__small__* cash prizes in monthly drawings.
https://www.payperks.com/ (last visited Jan. 6, 2025) (emphasis added).